1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN RISPOLI<br><br>          Plaintiff,<br><br>     v.<br><br>KING COUNTY, a Washington municipal corporation; KING COUNTY DEPARTMENT OF TRANSPORTATION, METRO TRANSIT DIVISION.<br><br>          Defendants. | Case No. C14-cv-00395RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

THIS MATTER comes before the Court upon Motion to Dismiss for Failure to State a Claim on which Relief Can be Granted by Defendant King County (hereinafter the "County") Dkt. # 4. Having considered Plaintiff's Complaint, Defendant's moving papers and Plaintiff's opposition thereto, as well as applicable case law, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint with leave to amend for the reasons stated herein.

**BACKGROUND**

Plaintiff Karen Rispoli filed the instant Complaint against Defendants the County and King County Department of Transportation, Metro Transit Division (hereinafter, "Metro"), asserting five causes of action: (1) sexual harassment and discrimination in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) negligent supervision and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS — 1

retention, and (5) denial of equal protection in violation of 42 U.S.C. § 1983. *See* Dkt. # 1, Ex. A (Compl.). The County timely removed the action to this Court on this basis of its federal question jurisdiction over Plaintiff's § 1983 claim and its supplemental jurisdiction over Plaintiff's state law claims. *See* Dkt. # 1.

The Complaint alleges that Plaintiff is and has been an employee of Metro for the past several years. Compl., ¶ 3.1. It asserts that throughout her employment, Plaintiff "has been the recipient of unwelcome and inappropriate sexual comments from male co-workers" and that she "has been harrassed, including sexually harrased, and discriminated against based on her gender and sexual orientation" and subject to a hostile and discriminatory work environment *Id.* at ¶¶ 3.2, 3.3. Plaintiff asserts that Metro failed to take remedial actions against Plaintiff's male co-workers after receiving Plaintiff's complaints about their offending conduct. *Id.* at ¶¶ 3.4, 3.5. She further asserts that Metro unlawfully retaliated against her in response to unspecified protected activity, including her opposition to practices in contravention of the WLAD. *Id.* at ¶ 3.6. As a consequence, she has allegedly suffered adverse employment actions. *Id.* The Complaint contains no further factual detail concerning the nature of the offending activity, its timeframe, its perpetrators, Plaintiff's protected activity, or the alleged adverse employment actions that she suffered.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the plaintiff fails to "nudge[] [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 570. A claim is facially plausible if

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS — 2

the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). In other words, the plaintiff must provide grounds for her entitlement to relief that amount to more than labels or conclusions and extend beyond a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 545. In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend need not be granted, and dismissal may be ordered with prejudice, if amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Court agrees with the County that Plaintiff's Complaint is subject to dismissal for failure to plead sufficient facts to support a plausible claim to relief. Plaintiff's pleading consists entirely of conclusory allegations and recitation of the elements of the causes of action she asserts, which do not suffice to establish facial plausibility. *See Iqbal*, 556 U.S. at 678. Though the notice pleading standards of Federal Rule of Civil Procedure 8(a) are liberal ones, they are not without teeth and cannot be met through the bare assertion of legal conclusions. Rule 8

requires that Plaintiff give fair notice not only of her claims, but of the basis for them and the "grounds upon which they rest." *Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002). To do so, she must provide "enough facts to state a claim that is plausible on its face" and "nudge [her] claims across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 570 (discussing *Swierkiewicz*, 534 U.S. 506). Plaintiff's failure to provide any facts about the allegedly harrasing conduct, her protected activity, and the adverse employment actions she suffered robs Defendants of notice of the grounds of her claims and an opportunity to meaningfully respond. It also precludes the Court from assessing whether her claims have facial plausibility.

On response, Plaintiff accused Defendants of attempting to apply a heightened pleading standard to her claims. *See* Dkt. # 6, p. 1. Plaintiff's accusation is based on a miscomprehension of Rule 8's requirements. In *Swierkiewicz*, the Supreme Court rejected the application of heightened pleading standards – such as those applicable to fraud claims under Rule 9 – to a work place discrimination complaint in holding that such a complaint need not contain specific facts establishing a prima facie case in order to survive a motion to dismiss. *Swierkiewicz*, 534 U.S. at 508. *Iqbal* later made clear that its holding in *Swierkiewicz* did not abbrogate Rule 8's requirement for fact-based pleadings in discrimination cases. The Court clarified that the Second Circuit had erred in requiring Swierkiewicz to "allege certain additional facts" that may have been needed at the trial stage, beyond the factual details provided in his complaint of the events leading to his termination, relevant dates, and ages and nationalities of relevant persons involved in his termination. *Id.* Here, Plaintiff has provided no such facts.

For instance, to support a claim for hostile work environment, Plaintiff must show that she suffered harrasment that was (1) unwelcome, (2) occurred because of protected status, (3) affects the terms and conditions of her employment, and (4) is imputable to the employer.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS — 4

*Glasgow c. Georgia-Pacific Corp.*, 103 Wash. 2d 401, 406-07 (1985). To satisfy the third element, it is not sufficient that the conduct is merely offensive; it must be sufficiently severe to alter Plaintiff's working conditions. *See Crownover v. State ex rel. Dept's of Transp.*, 165 Wn. App. 131, 145 (2001). To support a retaliation claim, she must show that she (1) engaged in statutorily protected activity, (2) suffered cognizable adverse employment action, meaning a tangible change in employment status, and (3) that there is a causal link between the activity and the adverse action. *See Short v. Battle Ground Sch. Dist.*, 169 Wn. App. 188, 205 (2012); *Crownover*, 165 Wn. App. at 148-49.

  Plaintiff has not provided facts to support these elements. She has provided no factual details to make out a hostile work environment claim beyond alleging that she suffered unspecified forms of offensive conduct on unspecified dates and by unspecified persons and that Defendants failed to respond to her complaints. She similarly has failed to notify Defendants of any facts as to the type and timing of protected activity she engaged in and allegedly adverse employment actions she suffered. Further, Plaintiff cannot show that she has pled a plausible aiding and abbetting claim under RCW 49.60.220, where she has not named or otherwise identified in the complaint any individual supervisors who affirmatively engaged in discriminatory conduct. *Brown v. Scott Paper Worldwise Co.*, 143 Wn.2d 349, 360 n. 3 (2001). Again, Plaintiff cannot meet the albeit liberal standards of notice pleading by simply listing causes of actions and reciting their elements. While her factual allegations are entitled to a presumption of accuracy, her legal conclusions are not.

  Particularly problematic is Plaintiff's complete failure to allege facts to support the claim on which federal jurisdiciton rests. To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, Plaintiff "must show that the defendants acted with an intent or purpose

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS — 5

to discriminate against [her] based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Ninth Circuit instructed in dismissing the complaint in *Barren*, plaintiff "must allege facts, not simply conclusions, that show than an individual was personally involved in the deprivation of [her] civil rights." *Id.* Rispoli has again failed to allege any facts regarding the involvement of any individuals and the nature of the discrimination. She has also failed to plead any facts to support a showing that Defendants acted with the requisite intent.

Finally, Plaintiff concedes that she has failed to sufficiently plead claims of intentional and negligent infliction of emotional distress. To state a claim for the tort of outrage, Plaintiff must allege conduct predicated on behavior that is "so outreageous in character and so exterme in degree, as to go beyond all possible bounds of decency." *Grimbsy v. Samson*, 85 Wn.2d 52, 59 (1975) (internal quotations ommited). The tort does not embrace "mere insults, threats, annoyances, petty oppressions, or other trivialities." *Kloepfel v. Bokor*, 149 Wn.2d 192, 196 (2003) (quoting *Grimsby*, 85 Wn. 2d at 59). The Court agrees with the County that the absence of factual detail in Plaintiff's Complaint makes it impossible to assess whether the conduct on which her claim is predicated meets this standard. Further, Plaintiff has failed to provide a factual basis for her emotional distress claims separate from that for her discrimination claims. Under Washington law, "a separate claim for emotional distress is not compensable when the only factual basis for emotional distress was the discrimination claim." *Chea . Men's Wearhouse, Inc.*, 85 Wash.App.405 (1997); *see also Haubry v. Snow*, 106 Wn.App. 666, 678 (2002); *Musselman v. Nitchman*, 2005 WL 1657077, * 7 (W.D. Wash. 2005) (dismissing negligent infliction of emotional distress claim on summary judgment for failure to plead a separate factual basis from his retaliation claim).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS — 6

Having determined that each of Plaintiff's claims must be dismissed for failure to meet the requisite pleading standards, the Court must determine the appropriate remedy. While the Court may dismiss with prejudice where amendment would be futile, the lack of factual detail in Plaintiff's pleadings makes it particularly difficult to make this assessment. In light of the liberal policy favoring amendment and the possibility that Plaintiff may be able to bolster her legal conclusions with facts, *see* Fed. R. Civ. P. 15, the Court shall dismiss without prejudice and with leave to amend. However, failure to provide the requisite factual detail will subject any amended complaint to dismissal with prejudice. So too, Plaintiff should only replead her emotional distress claims if she can in good faith show that they rely on a separate factual basis; otherwise, they too shall be dismissed with prejudice. In light of the extension that Plaintiff has already received to respond to Defendant's motion, balanced against the demands of the holiday season, the Court determines that a 30-day deadline for repleading is appropriate.

## CONCLUSION

For the reasons stated herein, the Court hereby ORDERS that Defendant's Motion to Dismiss (Dkt. # 4) is GRANTED. Plaintiff's Complaint is DISMISSED in its entirety without prejudice and with leave to amend. Plaintiff shall file an amended complaint within thirty (30) days of the entry of this Order, which includes sufficient facts to adequately support her claims. The failure to comply with this deadline and with Rule 8 pleading standards shall result in the dismissal of Plaintiff's claims with prejudice.

DATED this 2 day of December 2014

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS — 7